UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-03019-MRA-SK | Date | April 23, 2025 |
| Title | Michael Allen Garcia v. United Site Services of California, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER REQUIRING SUPPLEMENTAL BRIEFING TO RESOLVE PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF 43]**

Before the Court is Plaintiff's unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class. ECF 43. The Court read and considered the Motion and held a hearing on December 16, 2024. ECF 45. For the reasons stated herein, the Court **ORDERS** the parties to submit additional briefing and revisions to the proposed notice to class members, as set forth herein.

## I. BACKGROUND

On February 8, 2023, Plaintiff Michael Allen Garcia ("Plaintiff" or "Garcia"), as an individual and on behalf of all others similarly situated, filed a Complaint against Defendants United Site Services of California, Inc., United Site National Services Company, United Site Services, Inc., A-Thone Co, Inc., and Does 1-100 in Los Angeles County Superior Court. ECF 1-1. On April 21, 2023, Defendants removed the case to federal court. ECF 1.

Plaintiff, a California resident, alleges that, from approximately 2017 to January 2021, he was employed by A-Throne Co., a fully owned subsidiary of United Site Services, Inc. ("USS"). ECF 1-1 ¶ 2. Defendants United Site Services of California ("USS CA") and United Site National Services ("USS National") are both fully owned subsidiaries of USS. *Id.* ¶¶ 4-6. Plaintiff applied to work with USS Defendants in or about January 2021 and stopped working for Defendants in or about April 2021. *Id.* ¶ 2.

Plaintiff alleges that, on or about January 2021, Defendants requested from Plaintiff authorization to procure consumer reports, investigative consumer reports, and background checks for employment purposes. *Id.* ¶ 14. Specifically, in or around March 2021, Defendants

procured a consumer report from Concorde, Inc. about Plaintiff as part of an employment background screening without providing Plaintiff with the proper disclosures and without proper authorization in compliance with the law. *Id.* ¶ 15. Plaintiff alleges that Defendants did not provide Plaintiff and putative class members with legally compliant disclosure and authorization forms. *Id.* ¶ 16.

Based on these allegations, Plaintiff brings three claims against all Defendants for violations of: (1) the Fair Credit Reporting Act, 15 U.S.C. § 1681; (2) the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786, *et seq.*; and (3) the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, *et seq*. On December 4, 2023, the claims against Defendant A-Throne were dismissed. ECF 30. A-Throne is therefore no longer a Defendant in this action.

In the Complaint, Plaintiff seeks to represent a class "of all current, former, and prospective employees of Defendants who applied for a job with Defendants and a background check was performed beginning five years preceding the filing of Plaintiff's Complaint up until the date that final judgment is entered in this action." *Id.* ¶ 20.

On March 21, 2024, the parties participated in mediation, which was successful. ECF 43-1 at 10. The parties took several months to further negotiate the terms of the Settlement Agreement, and on July 24, 2024, produced a fully executed Memorandum of Understanding setting forth the major terms of the Settlement Agreement. *Id.*

Prior to mediation, Plaintiff obtained through informal discovery: (1) the estimated number of putative class members from February 8, 2018, through the mediation date; (2) the estimated number of putative class members who lost their employment due to background checks; (3) a sampling of disclosures and authorizations in relation to these background checks from 2018 through the mediation date; and (4) all documents in USS's possession pertaining to Plaintiff. *Id.*

On September 20, 2024, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement. ECF 43.

## II. <u>DISCUSSION</u>

"Approval of a class action settlement requires a two-step process—a preliminary approval followed by a later final approval." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016). "The standard of review differs at each stage. At the preliminary approval stage, the Court need only 'evaluate the terms of the settlement to determine whether they are within a range of possible judicial approval.'" *Jacobo v. Ross Stores, Inc.*, CV 15-4701-MWF (AGRx), 2018

WL 11465299, at *3 (C.D. Cal. Dec. 7, 2018) (quoting *Wright v. Linkus Enters., Inc.*, 259 F.R.D. 468 (E.D. Cal. 2009)).

At this preliminary stage, the Court reviews both the substantive and the procedural aspects of the proposed settlement. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). The Court also determines whether to certify the proposed class and reviews the proposed class notice procedures set forth in the motion; if acceptable, the Court approves those notice procedures (or sets different class notice procedures). *See Jacobo*, 2018 WL 11465299, at *9.

Upon review of Plaintiff's Motion, the Proposed Settlement, and the Proposed Notice to Class Members, the Court has determined that it needs additional information to fully assess the Proposed Settlement and the propriety of class certification.

**A. Range of Reasonableness**

Before approving a class action settlement, a court must conclude that the settlement is "fundamentally fair, adequate, and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 675 (9th Cir. 2008). "This inquiry requires that the Court balance factors such as the strength of the plaintiffs' case, the risk and expense of further litigation, the risk of maintaining class action status, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a government participant, and the reaction of the class members of the proposed settlement." *In re Uber FCRA Litig.*, No. 14-cv-05200-EMC, 2017 WL 2806698, at *4 (N.D. Cal. June 29, 2017) (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). "In determining whether the proposed settlement falls within the range of reasonableness, perhaps the most important factor to consider is plaintiffs' expected recovery balanced against the value of the settlement offer." *Cotter v. Lyft, Inc.*, Case No. 13-cv-4065-VC, 2016 WL 1394236, at *4 (N.D. Cal. Apr. 7, 2016) (internal quotation omitted).

The parties submit generally that the proposed settlement amount falls within the range of reasonableness because a "willful violation of [the Fair Credit Reporting Act] entitles the Class Members to actual damages sustained . . . or damages of not less than $100 and not more than $1,000 per violation." ECF 43-1 at 23-24. Class counsel proposed attributing damages of $500 per Class Member (the midpoint for a proven Fair Credit Reporting Act violation) as an estimate of potential damages that may be recovered for the violations alleged in this matter. *Id.* at 24. Based on this, and information estimating that there are 1,300 Class Members who may recover such damages, class counsel theorized that $650,000 is Defendants' maximum exposure at trial. *Id.* However, Plaintiff did not explain what damages putative class members may be entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-03019-MRA-SK | Date | April 23, 2025 |
|---|---|---|---|
| Title | Michael Allen Garcia v. United Site Services of California, Inc., et al. | | |

for violations of the California Investigative Consumer Reporting Agencies Act or the Consumer Credit Reporting Agencies Act.

Thus, the Court **ORDERS** Plaintiff to provide additional briefing describing in detail the discovery and investigation the parties conducted to determine the value of the individual class members' claims. For example, the parties should provide the Court with information or data that clearly identifies what percentage of putative class members terminated by Defendants due to background checks were *prospective* employees versus *actual* employees. For those who were actual employees, the parties should specify their length of employment. The parties should also explain the discovery conducted with respect to each type of claim. For example, for class actions brought under the California Investigative Consumer Reporting Agencies Act, only actual damages are available. *Warr v. Cent. Garden & Pet Co.*, No. 20-cv-09405-JST, 2021 WL 6275013, at *14 (N.D. Cal. Sept. 21, 2021) (quoting *Diaz v. First Advantage Corp.*, No. SACV 05-81 JVS (RNBx), 2006 WL 8428091, at *2-3 (C.D. Cal. July 17, 2006)) (citing Cal. Civ. Code § 1786.50(a)(1)). This information is necessary for the Court to confirm that the proposed settlement is within the "range of possible approval" and that the class may be properly certified.

**B. Release of Claims**

In approving a class action settlement, "[t]he court must [] consider whether a class action settlement contains an overly broad release of liability." *Johnson v. Moss Bros. Auto Grp., Inc.*, No. ED CV 19-2456 FMO (SPx), 2021 WL 4556052, at *9 (C.D. Cal. June 25, 2021) (citing Newberg on Class Actions § 13:15 (5th ed.) ("Beyond the value of the settlement, courts [have] rejected preliminary approval when the proposed settlement contains obvious substantive defects such as . . . overly broad releases of liability."); *Fraser v. Asus Comput. Int'l*, 2012 WL 6680142, at *3 (N.D. Cal. 2012)).

The parties shall clarify the release of claims. The preliminary settlement agreement states that participating class members agree to release:

> all causes of action[] and claims of any kind, including all damages and any possible attorney's fees or costs, alleged in the complaint in the Action or reasonably could have been alleged by reason of or in connection with any matter or fact set forth or referred to in the complaint in the Action . . . including claims for violation of the California Investigative Consumer Reporting Agencies Act (Cal. Civ. Code § 1786, *et seq.*), and violation of the Consumer Credit Reporting Agencies Act (California Civil Code § 1785, *et seq.*) and any other state or local law pertaining to background screening.

ECF 43-2 at 16. Excluded from that release are "claims *not related to background screening*,

including claims for vested benefits, wrongful termination, unemployment insurance, disability, social security, workers' compensation, and any other claims outside of the Released Claims of Participating Class Members arising during the Class Period." *Id.* (emphasis added).

The Proposed Notice to class members, comparatively, describes the release of claims of participating class members more broadly:

> If you do not exclude yourself from the Settlement . . . you, . . . release [Defendants] from all causes of action and claims that were alleged in the complaint in the Action or reasonably could have been alleged by reason of or in connection with any matter or fact set forth or referred to in the complaint in the Action, from all causes of action and claims of any kind, including all damages and any possible attorney's fees or costs, alleged in the complaint in the Action or reasonably could have been alleged by reason of or in connection with any matter or fact set forth or referred to in the complaint in the Action against the Released Parties, including claims for violation of the Fair Credit Reporting Act . . ., violation of the California Investigative Consumer Reporting Agencies Act . . . , and violation of the Consumer Credit Reporting Agencies Act . . ., and any other state or local law pertaining to background screening[.]

ECF 43-2 at 34.

At the hearing on the Motion, the parties represented that the above-described release of claims in the Proposed Notice includes claims brought under laws explicitly concerning background checks (such as the claims brought in the instant action); however, claims that are not based on laws explicitly concerning background checks, such as wrongful termination claims, would not be released, even where a background screening may have played a role in a party's alleged wrongful termination.

The Court **ORDERS** the parties to confirm this interpretation in writing, by revising the Proposed Settlement Agreement's release of claims section and the Proposed Notice to class members, to make clear exactly which claims are subject to the release and which claims are excluded from the release. If, upon further consideration, the parties determine that the above-stated representation made at the hearing is incorrect, Plaintiff shall provide supplemental briefing clearly explaining the precise scope of claims released by the Settlement Agreement.

### C. Notice to Class Members

Federal Rule of Civil Procedure 23(c)(2)(B)(iv) requires that a notice of settlement inform class members that they may enter an appearance through an attorney if the member so desires.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-03019-MRA-SK | Date | April 23, 2025 |
|---|---|---|---|
| Title | Michael Allen Garcia v. United Site Services of California, Inc., et al. | | |

Fed. R. Civ. P. 23(c)(2)(B)(iv) (notice to class members "must clearly and concisely state in plain, easily understood language . . . that a class member may enter an appearance through an attorney if the member so desires"); *see also Loreto v. Gen. Dynamics Info. Tech., Inc.*, No. 3:19-cv-01366-GPC-MSB, 2021 WL 3141208, at *10 (S.D. Cal. July 26, 2021) (making approval of class notice contingent on more clearly stating the information required by Rule 23(c)(2)(B)(iv)). The Proposed Notice does not include this information. Therefore, the Court **ORDERS** the parties to revise the Proposed Notice to include this legally required information.

## III. CONCLUSION

Plaintiff shall submit the requested information and edits to the Proposed Class Action Settlement and Proposed Notice to Class no later than **April 30, 2025**. Upon receipt of the supplemental briefing and revised settlement and notice, the Court shall issue its order on Plaintiff's Motion for Preliminary Approval of Class Action Settlement and, if appropriate, will set a hearing date for final approval of the Proposed Settlement.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga