# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN GARCIA, an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SITE SERVICES OF CALIFORNIA, INC., UNITED SITE NATIONAL SERVICES COMPANY, UNITED SITE SERVICES, INC., A-THONE CO., INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-03019-MRA-SK<br><br>**CLASS ACTION**<br><br>**ORDER CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, AND SETTING FINAL APPROVAL HEARING AND OTHER DEADLINES [43]**<br><br>[Hon. Mónica Ramírez Almadani] |

The Court has considered the Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ("Motion"), ECF 43, Plaintiff's Supplemental Brief in Support of Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class, ECF 49, and the First Amended Class Settlement Agreement between Plaintiff Michael Allen Garcia ("Plaintiff") and defendants United Site Services of California, Inc., United Site National Services Company, and United Site Services, Inc. (collectively, "Defendants" or "USS"), ECF 49-1 at 9, Ex. 1.  The Court also held a hearing on the Motion, ECF 45, and subsequently requested more information from the parties and identified deficiencies in the Notice to Class Members, ECF 46.  Having now carefully reviewed and considered all the original and responsive materials, including the Amended Class Notice, ECF 49-1 at 33, Ex. 2, the Court hereby grants Plaintiff's Motion as follows:

### *The Court Certifies the Class and Preliminarily Approves Settlement*

1. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies the following Class:

> *"Settlement Class" ("Settlement Class Members" or "Class Members") means all individuals who USS's records show were subjected to a background check for employment with United Site Services of California, Inc., during the period from February 8, 2021 through October 22, 2024 ("Class Period").*

2. The Court finds that, for the purpose of settlement only, the requirements of Federal Rule of Civil Procedure 23 are met by the class.  Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among class members and predominate over questions affecting individual class members.  Plaintiff's claims are typical of those of the Settlement Class.  Plaintiff and his counsel will fairly and adequately protect the interests of the Settlement Class.  Plaintiff has no interest antagonistic to those of the Settlement Class and have retained counsel experienced and competent to prosecute this

matter on behalf of the class. Finally, a class settlement is superior to other available methods for a fair resolution of the controversy.

3. For purposes of settlement, the Court appoints named Plaintiff Michael Allen Garcia to serve as the class representative. Further, pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court appoints David D. Bibiyan and Vedang J. Patel of Bibiyan Law Group, P.C., to serve as Class Counsel.

4. The Court hereby preliminary approves the Settlement and the terms and conditions set forth therein, subject to further consideration at the Final Approval Hearing described below.

5. The Court has conducted a preliminary assessment of the First Amended Class Settlement Agreement ("Settlement Agreement," "Settlement," or "Agreement") and preliminarily finds that the Settlement appears sufficiently fair, reasonable, and adequate to warrant dissemination of class notice of the proposed settlement and scheduling a formal final approval hearing. The Court finds that the Agreement, as amended, contains no obvious deficiencies and that the Parties entered into the Settlement in good faith, following arm's-length negotiations between their respective counsel. The Court adopts the definitions set forth in the Agreement and all defined words or phrases used in this Order shall have the same meaning as those in the Agreement.

***The Court Sets a Final Approval Hearing and Other Deadlines***

6. Pursuant to Federal Rule of Civil Procedure 23(e), the Court will hold a Final Approval Hearing on **January 5, 2025, at 1:30 p.m.** to consider the fairness, reasonableness, and adequacy of the proposed settlement and Agreement and determine whether it should finally be approved by the Court. At that time, the Court will hear any applications for attorneys' fees, expenses, and/or incentive awards.

7. The Court may continue or adjourn the Final Approval Hearing and later reconvene such hearing without further notice to Class Members.

8. The Court sets thirty (30) days from the date of the transmission of the Class Notice as the deadline for filing Plaintiff's applications for attorneys' fees, costs, and incentive awards.

9. The Court sets forty-five (45) days from the date of the transmission of the Class Notice, or sixty (60) days in case of a remailed notice, as the deadline by which Settlement Class Members must submit any: (i) Request for Exclusion; or (ii) Objection to the Agreement. The procedures and requirements for opting out of the Settlement or objecting to the Agreement, the proposed settlement, or to the Attorneys' Fee Award are set forth below and in the Agreement.

10. All additional papers in support of the Settlement, or in support of the application for an award of attorneys' fees and expenses and/or class representative incentive awards, must be filed with the Court and served at least twenty-one (21) days prior to the Final Approval Hearing.

### *The Court Approves the Form and Method of Class Notice*

11. Pursuant to Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e), the Court orders that the Settlement Class be given notice of the pendency of this action and the Parties' proposed settlement. The Court finds that the Class Notice dissemination procedure set forth in the Agreement (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements as set forth by law. Thus, the Court adopts and incorporates the Class Notice dissemination procedures set forth in the Agreement into this Order.

12. The Court approves the Amended Class Notice, which is attached as Exhibit A to Exhibit 1 to the Declaration of Brandon M. Chang. *See* ECF 49-1 at 33.

13. The Court appoints ILYM Group, Inc. ("ILYM" or "Settlement Administrator") as Settlement Administrator to disseminate notice to the Settlement

Class and administer the settlement. The Court orders ILYM to: (i) complete dissemination of the Amended Class Notice to the Settlement Class; (ii) file proof of dissemination of the Amended Class Notice to the Settlement Class prior to the Final Approval Hearing; (iii) maintain a post office box in ILYM's name to be used for receiving opt-out requests, objections, notices of intention to appear, and any other communications from Settlement Class Members; (iv) promptly furnish Class Counsel and Defense Counsel with a summary report that includes the number of timely and valid Requests for Exclusion after the opt-out period; and (v) provide to Class Counsel and Defense counsel a list of valid Requests for Exclusions, including their names, and file a declaration at least fourteen (14) days prior to the Final Approval Hearing attesting to the completeness and accuracy thereof.

14. The Court orders the Settlement Administrator to promptly forward a copy of any written objection to Class Counsel and Defense Counsel and then file a declaration with the Court prior to the Final Approval Hearing attesting to the completeness and accuracy thereof and attaching a copy of all objections received.

### *Procedure for Class Members to Participate in the Settlement or Be Excluded from the Class*

15. The Court orders that any Class Member who wishes to exclude him/herself from the Settlement may submit a Request for Exclusion to the Settlement Administrator. Any request for exclusion must be mailed to the Settlement Administrator no later than forty-five (45) days from the date of the transmission of the Class Notice, or sixty (60) days in case of a remailed notice. Any Settlement Class Member who does not submit a timely and complete written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims.

16. The Court orders that any Settlement Class Member who does not exclude him/herself from the Settlement Class and who wishes to object to the Settlement, must

mail to the Settlement Administrator no later than forty-five (45) days from the date of the transmission of the Class Notice, or sixty (60) days in case of a remailed notice, a statement of the objections signed by the Class Member.

**IT IS SO ORDERED.**

Dated: September 3, 2025

_____
Mónica Ramírez Almadani
United States District Court Judge