David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Vedang J. Patel (SBN 328647)
*vedang@tomorrowlaw.com*
Brandon M. Chang (SBN 316197)
*brandon@tomorrowlaw.com*
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, MICHAEL ALLEN GARCIA,
on behalf of himself and all other similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN GARCIA, an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SITE SERVICES OF CALIFORNIA, INC., UNITED SITE NATIONAL SERVICES COMPANY, UNITED SITE SERVICES, INC., A-THONE CO., INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  2:23-cv-03019-MRA-SK<br><br>Assigned to: Hon. Mónica Ramírez Almadani<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD**<br><br>[Filed and Served Concurrently with Declaration of David D. Bibiyan; Declaration of Plaintiff Michael Allen Garcia]<br><br>**DATE: January 5, 2026**<br>**TIME: 1:30 P.M.**<br>**COURT: 9B** |

-i-

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, January 5, 2026 at 1:30 p.m., before the United States District Court, Central District of California, Courtroom 9B, 411 W. 4th Street, Santa Ana, California 92701 Plaintiff Michael Allen Garcia ("Plaintiff") will move this Court for an order granting attorneys' fees and costs and an incentive award for Plaintiff pursuant to Final Approval of the class action settlement and certification of the settlement class as detailed in Plaintiff's Memorandum of Points and Authorities.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declarations and exhibits thereto, the Complaint, all other pleadings and papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

Dated: October 31, 2025                     Bibiyan Law Group, P.C.

                                            *Brandon M. Chang*
                                            _____
                                            BRANDON M. CHANG
                                            Attorneys for Plaintiff, MICHAEL ALLEN GARCIA,
                                            on behalf of himself and all others similarly situated

-ii-

Plaintiff's Notice of Motion & Motion for Attorneys' Fees and Costs and Incentive Award

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................ iv

Memorandum of Points and Authorities ..................................................................... 1

    I.      Introduction ....................................................................................................... 1

    II.    Plaintiff's Allegations and the Procedural History ........................................... 3

        A.  General Factual Allegations ...................................................................... 3

        B.  Procedural Posture ..................................................................................... 4

        C.  Class Counsel's Costs and Fees ................................................................ 5

    III.   Argument .......................................................................................................... 5

    A.      The Requested Fee Award Is Fair, Reasonable And Justified ........................... 5

        1.  The requested fees resulted from arm's length negotiations ........................... 6

        2.  The Separate Payment of Attorneys' Fees Is not related to the Class Payment in this Case But Rather Payable Under A Fee Shifting Statute. ...................... 8

        3, The requested fee is reasonable, fair, and justified under the lodestar method. 10

IV. Class Representative's Application for Incentive Award ......................................... 14

V. Conclusion ................................................................................................................. 16

Plaintiff's Notice of Motion & Motion for Attorneys' Fees and Costs and Incentive Award

## TABLE OF AUTHORITIES

**Cases**

*Balderas v. Massage Envy Franchising, LLC* 2014 WL 3610945 (N.D. Cal. July 21, 2014) .......................................................................................................................... 8

*Bihun v. AT&T Information Systems. Inc.* (1993) 13 Cal. App. 4th 976, ...................... 11

*Blum v. Stevenson*, 465 U.S. 886 (1994) ..................................................................... 10

*Buccellato v. AT&T Operations, Inc.*, No. 10-cv-463-LHK, 2011 WL 4526673, (N.D. Cal. June 30, 2011) .................................................................................................... 13

*Davis v. City and County of San Francisco*, 976 F.3d 1536 (9th Cir. 1992) ................. 10

*Dennis v. Kellogg Co.*, 2010 WL 4285011 (S.D. Cal. Oct. 14, 2010) ............................ 6

*Di Giacomo v. Plains All Am. Pipeline*, 2001 U.S. Dist. LEXIS 25532 (S.D. Tex. Dec. 18, 2001) ................................................................................................................... 10

*Fischel v. Equit. Life Assurance Soc'y*, 307 F.3d 997 (9th Cir. 2002) ........................... 9

*Fox v. Vice*, 563 U.S. 826, 838 (2011)........................................................................... 2

*Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. Jan. 26, 2007) ......... 9

*Grant v. T-Mobile USA, Inc.*, 2023 WL 7308311 (C.D. Cal. Oct. 3, 2023), ................... 8

*Environmental Law Foundation v. Laidlaw Transit, Inc.*, , Case No. CGC-06-45183

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .................................. 2, 5, 6, 9

*In re Beverly Hills Fire Litigation*, 639 F. Supp. 915 (E.D. Ky. 1986)......................... 10

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) .................... 5

*In re Hyundai*, 926 F.3d 539, 568-572 (9th Cir. 2019)................................................... 2

*In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal. 2007)................. 12

*In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362 (N.D. Cal. 1996).................... 12

*In re Mercury Interactive Corp.*, 618 F.3d 988 (9th Cir. 2010) ..................................... 5

*In re Veritas Software Corp. Sec. Litig.*, 396 Fed. App'x 815 (3d Cir. 2010) ............... 13

*Kelly v. Wengler*, 822 F.3d 1085 (9th Cir. 2016) ......................................................... 2

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) ..................................... 9

*Kashmiri et al. v. Regents of UC*, San Francisco County Superior Court

Plaintiff's Notice of Motion & Motion for Attorneys' Fees and Costs and Incentive Award

*Lundell v. Dell, Inc.*, CIVA C05-3970 JWRS, 2006 WL 3507938 (N.D. Cal. Dec. 5, 2006) ........................................................................................................... 6

*Martinez v. Knight Transportation, Inc.*, No. 1:16-cv-01730-SKO, 2023 WL 5917989 (E.D. Cal. Sept. 11, 2023) ................................................................. 13

*Milliron v. T-Mobile USA, Inc.*, 2009 WL 3345762 (D.N.J.  Sept. 14, 2009) ................ 6

*Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-392 (1970) ..................................... 12

*Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) ............................................................................ 6

*Raffin v. Medicredit, Inc.*, No. 2:15-cv-4912-MWF, 2018 WL 8621204 (C.D. Cal. Nov. 30, 2018) .................................................................................................. 13

*Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346 (C.D. Cal. June 15, 2010) ............................................................................................................... 6

*Savaglio, et al. v. Wal-Mart*, Alameda County Superior Court, Case No. C-835687-7

*Serrano v. Unruh*, 32 Cal. 3d 621 (1982) ..................................................................... 10

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) .................................................. 5, 13

*Todd v. STAAR Surgical Company*, No. CV 14-5263-MWF, 2017 WL 4877417 (C.D. Cal. Oct. 24, 2017) ............................................................................................ 13

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .......................................... 2

**Statutes**

15 U.S.C. § 1681(n) ....................................................................................................... 7

Cal. Civ. Code § 1786.50(a) .......................................................................................... 7

Lab. Code § 2699(g)(1) .................................................................................................. 7

**Other Authorities**

2 McLaughlin on Class Actions (8th ed.) ....................................................................... 6

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................... 2, 5

Plaintiff's Notice of Motion & Motion for Attorneys' Fees and Costs and Incentive Award

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Introduction**

Plaintiff Michael Allen Garcia ("Plaintiff") moves the Court for an award of attorneys' fees, costs, and incentive payment as part of this preliminarily approved class action settlement between Plaintiff and Defendants United Site Services of California, Inc., United Site National Services Company, and United Site Services, Inc. (collectively, "Defendants" or "USS" and with Plaintiff, the "Parties"). Defendants do not oppose this Motion. The Settlement Agreement provides for a substantial financial benefit of $230,000 ("Settlement Fund") to the approximately 1,300 Settlement Class Members. Dkt. No. 49 Ex. 1, First Amended Class Settlement Agreement ("SA" or "Agr.");[1] Declaration of David D. Bibiyan In Support of Motion for Final Approval ("Bibiyan Decl.") at ¶ 13. The $230,000 Settlement Fund to be paid by Defendants is an all-in, non-reversionary payment. After claims administration costs and the incentive award are deducted from the Settlement, the amounts remaining will be available to pay all Settlement Members who do not opt out.

Attorneys' fees and costs shall be paid outside of and in addition to the Gross Settlement Amount. *Id 17.*  Class Members do not need to submit a claim form to receive payment. *Id at* ¶ 14.  The agreement also provides the following will be paid by Defendant from the Settlement Fund: (1) all settlement administration costs, not to exceed $5,550[2]; and (2) an incentive award for Plaintiff of up to $7,500.  Attorneys' fees and costs shall be paid outside of and in addition to the Gross Settlement Amount.

On September 3, 2025, after receiving Supplemental Briefing on the scope of the release and deficiencies in the Class Notice, the Judge Almadani granted preliminary approval of the Settlement and its terms enumerated above.  Dkt. No. 51.  The Court

---

[1] Defined terms are intended to have their meaning in the First Amended Class Settlement Agreement.

[2] ILYM Group, Inc. fees not to exceed $5,550 was increased to $12,750.

conducted a preliminary assessment of the First Amended Class Settlement Agreement and preliminarily found that the Settlement appears sufficiently fair, reasonable and adequate to warrant dissemination of the notice of proposed settlement and scheduled the Final Approval hearing. The Federal Rules of Civil Procedure provide that "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties agreement." Fed. R. Civ. P. 23. As noted by Plaintiff's Motion for Preliminary Approval of Class Action Settlement, which was approved by this Court, the Settlement Agreement in this action resulted from extensive arm's length negotiations, including a full-day mediation session before Gig Kyriacou, Esq. Bibiyan Decl. ¶ 9. The arm's length negotiations, especially those before Mr. Kyriacou, serve as "independent confirmation" of the reasonableness of the Settlement's terms including the attorneys' fees, costs, and incentive award sought by this Motion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under these circumstances, the Court may give deference to the judgment of the parties regarding the reasonableness of the requested fees.

The reasonableness of the requested fees is also supported by the "lodestar" approach. Class Counsel have incurred a combined total of over 360 hours litigating this action for a combined lodestar of $208,490. Bibiyan Decl. ¶ 24. Thus, the fee request represents a <u>negative</u> multiplier of .55x. This does not include the additional approximately 20 hours that will spent on this matter preparing and filing the additional papers in support of Final Approval, preparation and attendance at the anticipated Final Approval hearing, and working with opposing counsel and the Settlement Administrator to ensure the terms of the Settlement are completed after entry of Judgment. Id. 25. As the Ninth Circuit has held, it is common for complex class action litigation to result in a fee award that represents a modest multiplier in the 2-4 range. *In re Hyundai*, 926 F.3d 539, 568-572 (9th Cir. 2019); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (upholding a lodestar multiplier of 3.65) *Kelly v. Wengler*, 822 F.3d 1085, 1093,

1105 (9th Cir. 2016) (affirming lodestar multipliers of 2.0 and 1.3); *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Through this fee brief, which is unopposed by Defendants, Plaintiff seeks Court approval of the agreed-upon costs and fees as follows: (1) all settlement administration costs, estimated to be $12,750[3], to be paid to the Claims Administrator; (2) attorneys' fees and costs in the amount of $115,000; and (4) an incentive award for Plaintiff of $7,500.  As more thoroughly stated herein and as detailed in the supporting declaration filed herewith, these sums are fair and reasonable as they resulted from extensive arm's length negotiations and are further supported by the loadstar methodology.  Bibiyan Decl. ¶¶ 22–26.

## II.    Plaintiff's Allegations and the Procedural History

### A.    General Factual Allegations

On or around January of 2021 Plaintiff applied for a job with United Site Services of California, Inc. as a delivery driver. Declaration of Plaintiff Michael Allen Garcia ¶ 3. Defendant United Site Services, Inc., is a leading provider of porta-potty rentals in the United States, providing portable restrooms, hand hygiene solutions, temporary fence, portable restrooms trailers, roll off dumpsters, holding tanks, temporary power, and more. *Id 4*. As part of his application, Plaintiff was required to complete several forms for a background check. *Id 5.* Plaintiff contends that he and other Class Members were required to undergo unlawful background checks prior to an offer of employment, in violation of FCRA, ICRAA and CCRAA. *Id 5.* Plaintiff contends that the background check was a violation of FCRA, ICRAA and CCRAA because the documents he was required to complete did not include standalone disclosures, the disclosures were not clear and conspicuous, the scope of the background check was overbroad, and included disclosure

---

[3] The Settlement Administrator's estimated expenses in the amount of $5,550 was increased to $12,750. A declaration from the Settlement Administrator regarding the increase shall be filed upon completion of the settlement notice process.

Plaintiff's Motion for Preliminary Approval of Class Action Settlement

requirements form states other than California in the same document. *Id 5.* In response, Defendants contend that, among other things, at all times relevant, their policies and practices were fully compliant with Federal and California law.

### B.    Procedural Posture

On February 8, 2023, Plaintiff filed a class action complaint against Defendants in Los Angeles County Superior Court, Case No. 23STCV02816, asserting causes of action for alleged: (1) violation of the FCRA at 15 U.S.C. § 1681(a); (2) violation of the ICRAA at California Civil Code § 1786.2(b); and (3) violation of the CCRAA at California Civil Code § 1785.3(b). On April 21, 2023, USS removed the aforementioned action to the United States District Court for the Central District of California. Agr. § 2.

On March 21, 2024, the Parties participated in mediation with Gig Kyriacou, Esq., an experienced mediator of employment-related and wage and hour class actions. *Id*. The mediation was successful and led to a settlement-in-principal. *Id.* While the Parties agreed to basic terms of the Settlement Agreement, it took several months for the Parties to negotiate further terms of the Settlement Agreement, eventually producing a fully executed Memorandum of Understanding setting forth the major terms of the long-form Settlement Agreement on July 24, 2024.

Prior to mediation, Plaintiff obtained, through informal discovery: (1) the estimated number of putative class members from February 8, 2018 through mediation; (2) the estimated number of putative class members who lost their employment due to Background Checks; (3) a sampling of disclosures and authorizations in relation to these Background Checks from 2018 through mediation; and (4) all documents pertaining to Plaintiff available to USS. *Id*.

The settlement was reached after the parties (i) investigated and researched their respective claims and defenses; (ii) engaged through an extensive informal discovery process; (iii) exchanged several relevant documents, which, among other things, determined the putative class and appropriate notice; (vi) participated in arm's length negotiations in the form of a full-day mediation with a respected and experienced

Plaintiff's Motion for Preliminary Approval of Class Action Settlement

mediator; and (vii) engaged in subsequent settlement discussions and confirmatory discovery in an effort to finalize the Settlement Agreement.

Plaintiff filed a Motion for Preliminary Approval on September 20, 2024 (Dkt 43). On April 23, 2025, The Court Ordered Plaintiff to Submit Supplemental Briefing regarding Plaintiff's Motion for Preliminary Approval. (Dkt 46).  Plaintiff filed said briefing on May 14, 2025 with an accompanying declaration. (Dkt 49). The Court granted Preliminary Approval of the Settlement of this matter on September 3, 2025 (Dkt 51).

## C.    Class Counsel's Costs and Fees

Class Counsel have devoted a total of over 360 hours towards this litigation for a total lodestar of $208,490.00.  Bibiyan Decl. ¶ 23.  Bibiyan Law Group, P.C. will have collectively worked approximately 360.4 hours, to date as follows: Bibiyan Law Group, P.C. hourly rate in this case for David D. Bibiyan is $1,200 per hour (approx. 15.6 hours); Vedang J. Patel is $900 per hour (approx. 45.3 hours); Zachary Chrzan is $700 per hour (approx. 51.5 hours); Brandon M. Chang is $700 per hour (approx. 72.2 hours); Brian Zaghi is $450 per hour (approx. 121.7 hours); Paralegals are $200 per hour (approx. 28.7 hours); and Legal Assistants are $75 per hour (approx. 25.4 hours). *Id*.

The itemized costs incurred by Bibiyan Law Group, P.C., in the above-referenced matter total $13,263.90. *Id*. at ¶ 27.

## III.    Argument

Class Counsel respectfully assert that (A) the requested fee and costs award of $115,000 is fair, reasonable, and justified; and (B) the proposed incentive payment to Plaintiff of $7,500 is fair as well.

### A.    The Requested Fee Award Is Fair, Reasonable And Justified

The Federal Rules of Civil Procedure provide that "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).  As explained by the Ninth Circuit, "[a]ttorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination

whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). In common fund cases, Courts within the Ninth Circuit have discretion to use one of two methods to determine whether the fee request is reasonable: (1) percentage-of-the-fund; or, (2) lodestar plus a risk multiplier. *Staton*, 327 F.3d at 967-68. *See also In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010). "Though courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

Class Counsel maintain the request for attorneys' fees is reasonable based solely upon the arm's length formal negotiations that serve as independent confirmation of the fairness of the settlement, including attorneys' fees. *See Hanlon*, 150 F.3d at 1029. However, the requested fees are also fully supported under the lodestar approach, which Class Counsel offer as an additional and optional means of cross-checking the requested fees.

### 1. <u>The requested fees resulted from arm's length negotiations</u>

While attorneys' fee provisions included in class action settlements are subject to the determination of whether the provision is fundamentally fair, adequate and reasonable, the Ninth Circuit has opined that "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027 (citing *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)). *See also Lundell v. Dell, Inc.*, CIVA C05-3970 JWRS, 2006 WL 3507938 (N.D. Cal. Dec. 5, 2006).

In *Hanlon*, the Ninth Circuit went on to state that where settlement terms, including attorneys' fees, are reached through formal mediation, the Court may rely upon the mediation proceedings "as independent confirmation that the fee was not the result of

collusion or a sacrifice of the interests of the class." *Hanlon*, 150 F.3d at 1029. *See also Milliron v. T-Mobile USA, Inc*., 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) ("the participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at arm's length and without collusion between the parties"); *Sandoval v. Tharaldson Emp. Mgmt., Inc*., 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) ("the assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"); *Dennis v. Kellogg Co*., 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) (the parties engaged in a "full-day mediation session," which helped to establish that the proposed settlement was noncollusive). *See also* 2 McLaughlin on Class Actions, § 6:7 (8th ed.) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion").

Here, and as previously stated in Plaintiff's Motion For Preliminary Approval of Class Action Settlement and the Supplemental Briefing, which the Court has approved, *see generally*, Order Granting Pl.'s Mot. for Prelim. Approval, Dkt. No. 43, the Settlement Agreement resulted from extensive arm's length negotiations. More specifically, the Parties attended a full-day mediation session with Gig Kyriacou, Esq., where the parties made progress towards, and ultimately achieved, a class settlement. Bibiyan Decl. ¶ 9. The parties had also conducted extensive informal discovery surrounding Plaintiff's claims and Defendants' defenses. Id. at ¶ 10. Under these circumstances, the Court may give deference to the mediation proceedings and the judgment of the Parties regarding the reasonableness of fees.

No fees were discussed prior to the class benefits being fully negotiated. The request for fees and costs are subject to the Court's approval. Any amounts awarded by the Court shall be paid separate, apart, and in addition to the Gross Settlement Amount. In the event any of the funds earmarked for fees and costs are not awarded, these amounts will not revert to Defendants, but instead shall be added to the Net Settlement Amount.

Agr. § 12. However, the requested fee is wholly supported by the lodestar method, which the Court may employ as a means of assessing the reasonableness of the requested fee.

### 2. The Separate Payment of Attorneys' Fees Is not related to the Class Payment in this Case But Rather Payable Under A Fee Shifting Statute.

This settlement does not involve a common fund.  Rather, an amount was negotiated for the Class, and Class Counsel would separately file a fee application seeking that Defendants pay their reasonable attorneys' fees and costs on top of the Gross Settlement Amount pursuant to a lodestar analysis under the statutory fee shifting language set forth in the three statutes which for the basis of the Class claims.  See Cal. Lab. Code § 2699(g)(1) ("Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs"); 15 U.S.C. § 1681(n) ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer…[for] the costs of the action together with reasonable attorney's fees as determined by the court"); Cal. Civ. Code § 1786.50(a) ("user of information that fails to comply with any requirement under this title…is liable to the consumer…[i]n the case of any successful action to enforce any liability under this chapter, the costs of the action together with reasonable attorney's fees as determined by the court.")  *Briseno* did not address any of these fee-shifting clauses, but effectively they would have to be written out of the statute, by way of an equitable Rule 23 doctrine in order to be deemed inapplicable.  That would be a rather contrived ruling.  Thus, because this is not a common fund case, and attorneys' fees are being sought by counsel from Defendants pursuant to codified statutory remedies, the lodestar approach should be used, not the percentage of the fund doctrine.

It should also be considered that the Class Members' recovery in this case represents a significant percentage of their anticipated full damages.  As set forth in the preliminary approval papers, Class Members are expected to each automatically receive approximately $166.88.  The $230,000 Class Settlement figure represents approximately

35.4% of the Class Members' likely maximum possible recovery at trial. That is a very strong settlement as far as class actions are concerned. Often in employment class actions, courts see much smaller settlement percentages in the 5-10% range. *Balderas v. Massage Envy Franchising, LLC* 2014 WL 3610945 (N.D. Cal. July 21, 2014), (preliminarily approving settlement "on the low end of the spectrum" where gross settlement amount of $504,000 "represents roughly eight percent of the maximum recovery" and net settlement amount of $325,000 represents "just five percent.") FCRA background check employment class action settlements settle for and are approved for even less favorable terms. In *Grant v. T-Mobile USA, Inc.*, 2023 WL 7308311 (C.D. Cal. Oct. 3, 2023), Judge Wu, citing *Briseno* approved an FCRA class settlement for background check forms where class members need to make a claim in order to receive $50, with less than half of the class filing such claims. This settlement is twenty times more favorable than *Grant* with nearly identical facts, just to put into perspective how favorable of a result Class Counsel achieved.

With a result this strong there can be no doubt that the recovery achieved represents a strong settlement for the Class and an excellent result achieved by Class Counsel. Plaintiff is no doubt the prevailing party.

A common fund class action settlement structure is the gold standard, but when a class is small, and litigation is comparatively protracted, a common fund is sometimes economically infeasible. The bottom line is that Class Counsel is permitted by Congressional statute, to seek fees for all of the work reasonably expended in this case to achieve a favorable Class result. For these reasons, the Court can conclude that the attorneys' fees sought are not *unreasonably* high and therefore do not in fact evidence a collusive settlement, but rather show that Class Counsel made significant compromises to the fees they could otherwise have sought, for the sake of securing a favorable Class recovery. When viewed in their full context, these circumstances evidence a lack of collusion.

/ / /

Plaintiff's Motion for Preliminary Approval of Class Action Settlement

### 3, The requested fee is reasonable, fair, and justified under the lodestar method

A court applying the percentage-of-the-fund method may use the lodestar method as a "cross-check on the reasonableness of a percentage figure." *Vizcaino*, 290 F.3d at 1050. However, a cross-check is optional. *See Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476, at *48 (N.D. Cal. Jan. 26, 2007) (finding that "where the early settlement resulted in a significant benefit to the class," there is no need "to conduct a lodestar cross-check"). If the Court chooses to perform such a cross-check in this matter, it will confirm that a fee award of $115,000 is reasonable.

The first step in the lodestar-multiplier approach is to multiply the number of hours counsel reasonably expended by a reasonable hourly rate. *Hanlon*, 150 F.3d at 1029. Once this raw lodestar figure is determined, the Court may then adjust that figure based upon its consideration of many of the same "enhancement" factors considered in the percentage-of-the-fund analysis, such as: (1) the results obtained; (2) whether fee is fixed or contingent; (3) the complexity of the issues involved; (4) the preclusion of the other employment due to acceptance of the case; and, (5) the experience, reputation, and ability of the attorneys. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[4]

### A. Class Counsels' lodestar is reasonable

The accompanying declaration of Class Counsel set forth the hours of work and billing rates used to calculate their lodestar. Plaintiff's attorneys' work is summarized above, and included in the Declaration of David D. Bibiyan. *See* Bibiyan Decl. ¶¶ 22-26. As described in the accompanying declarations, Plaintiff's attorneys have devoted a

---

[4] The risk inherent in contingency representation is a critical factor. The Ninth Circuit stresses that "[i]t is an abuse of discretion to fail to apply a risk multiplier when...there is evidence that the case was risky." *Fischel v. Equit. Life Assurance Soc'y*, 307 F.3d 997, 1008 (9th Cir. 2002); *see also Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *16 (N.D. Cal. 2007).

Plaintiff's Motion for Preliminary Approval of Class Action Settlement

total of over 360 hours to this litigation, and have a total lodestar to date of $208,490.00, which represents approximately a 0.55x negative multiplier.[5]  *See* Bibiyan Decl. ¶¶ 24.

Thus, Class Counsel's lodestar is reasonable.  Class Counsel prosecuted the claims at issue efficiently and effectively, making every effort to prevent the duplication of work that might have resulted from having multiple firms working on this case.  In this regard, tasks were reasonably divided among attorneys to ensure avoiding the replication of work. Further, tasks were delegated appropriately among partners, associate attorneys, paralegals, and other staff according to their complexity such that the attorneys with higher billing rates billed time only where necessary.  The reality is that the complexity of this matter was high, and required senior attorneys to handle to majority of tasks.

### B. Class Counsels' hourly rates are reasonable

Similarly, Class Counsels' hourly rates are also reasonable.  In assessing the reasonableness of an attorney's hourly rate, courts consider whether the claimed rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stevenson*, 465 U.S. 886, 895, n.11 (1994).  *See also Davis v. City and County of San Francisco*, 976 F.3d 1536, 1546 (9th Cir. 1992); *Serrano v. Unruh*, 32 Cal. 3d 621, 643 (1982).  Class Counsel here are experienced, highly regarded members of the bar with extensive expertise in the area of class actions and complex litigation involving consumer claims like those at issue here. Mr. Bibiyan and Mr. Patel are also very experienced in litigating class actions, and serve as class counsel in multiple certified class actions.

Class Counsel's hourly rates for attorneys are $1,200, $900, $700, and $450. Their paralegal and legal assistant's hourly rates are $200 and $75, respectively. At these requested rates, these result in a total lodestar amount of $208,490. A reasonable hourly

---

[5] *See In re Beverly Hills Fire Litigation*, 639 F. Supp. 915 (E.D. Ky. 1986) (awarding multiplier of 5 for lead counsel); *Di Giacomo v. Plains All Am. Pipeline*, 2001 U.S. Dist. LEXIS 25532 (S.D. Tex. Dec. 18, 2001) (approving 5.3 multiplier).

Plaintiff's Motion for Preliminary Approval of Class Action Settlement

rate is the prevailing rate charged by attorneys of similar skill and experience in the relevant community. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal. 4th 1084, 1095.) The Court may consider other factors when determining a reasonable hourly rate, *e.g.*, the attorney's skill and experience, the nature of the work performed, the relevant area of expertise and the attorney's customary billing rates. (*Flannery v. California Highway Patrol* (1998) 61 Cal. App. 4th 629, 632.).

One difficulty in determining the hourly rate of attorneys of similar skill and experience in the relevant community is the scarcity of hourly fee-paying clients in class action litigation. As a practical matter, few if any consumers pay attorneys' fees on an hourly basis for such extensive litigation, and thus retainer agreements in such cases are based on a contingency fee relationship.  Although there is no customary billing rate, the nature of class action work should be strongly considered by the court. Courts have upheld rates as high as $450[6] per hour (in 1993) in employment matters. (*Bihun v. AT&T Information Systems. Inc.* (1993) 13 Cal. App. 4th 976, overruled on other grounds.).

A survey conducted by the National Law Journal for the year 2002 provides a sample of the billing rate for California Lawyers. In that survey, six California firms provided their hourly billing rates. Of those six firms, five regularly charge in excess of $500.00 per hour for their partners. In fact, four of the firms charge as high as $600.00, $620.00, $650.00, and up to $850.00 per hour.  These firms are located in Orange County, Los Angeles County, San Francisco County and San Diego County, and are the types of firms that Plaintiff's Counsel regularly oppose in these class action cases. (*See* National Law Journal Survey, attached as Exhibit "2" to the Bibiyan Decl.). The only difference is that these defense attorneys are paid on a monthly basis and do not have to advance any costs on a case.

---

[6] Adjusted for inflation, $450 in 1993 equals over $1,000 in 2025 per the U.S. Bureau of Labor Statistics.

Finally, Class Counsel attaches the Declaration of Richard Pearl in support of the Motion for Final Approval in the case of *Rosa Cantu, et al v. Pacific Bell Telephone Company*, Los Angeles Superior Court Case No. BC441237, dated January 4, 2011. (*See* Declaration of Richard Pearl attached as Exhibit "3" to the Bibiyan Decl.). Mr. Pearl specializes in issues related to cost-award attorney's fees, including the representation of parties in fee litigation and appeals, serving as an expert witness, mediator and arbitrator in disputes concerning attorney's fees and related issues. Mr. Pearl is also the author of California Attorney's Fee Awards (3d ed. Cal. CEB 2010), as well as the author of the Second Edition, years 1994 through 2008. He has also authored numerous other publications on attorney's fees, as set forth in his Declaration.

Mr. Pearl has reviewed the comparable hourly rates of attorney fees in California. He confirms that courts have approved hourly rates of attorneys as follows:

- Rates of up to $875.00 in *Savaglio, et al. v. Wal-Mart*, Alameda County Superior Court, Case No. C-835687-7 (before applying a 2.36 multiplier);
- Rates of up to $750.00 in *Kashmiri et al. v. Regents of UC*, San Francisco County Superior Court (before applying a 3.7 multiplier); and
- Rates of up to $750.00 in *Environmental Law Foundation v. Laidlaw Transit, Inc.*, San Francisco Superior Court, Case No. CGC-06-451832 (before applying a 1.25 multiplier). (*Id* at pages 4 and 5.)

Additionally, Mr. Pearl has reviewed numerous declarations, depositions, and surveys of legal rates on a non-contingent basis for the year 2009 and found hourly rates of up to $775.00, $795.00, $800.00, $855.00, $950.00, etc. (*Id.* at pp. 6-12). These are non-contingent rates where payment in full is expected promptly upon billing. (*Id.* at p. 13) Class Counsel's hourly rates are in line with, and, in fact, modest, compared with the hourly rates of other counsel in similar actions.

Hence, Class Counsels' lodestar of $208,490 is reasonable and supports the requested fees.

/ / /

Plaintiff's Motion for Preliminary Approval of Class Action Settlement

## C. The Requested Costs Are Fair And Reasonable

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-392 (1970)).    The significant litigation expenses Class Counsel incurred in this case were necessary to secure the resolution of this litigation.  *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in class action litigation). Based upon the discussion herein, Class Counsel believe that the costs incurred in this matter are fair and reasonable.

Throughout the course of this litigation, Class Counsel had to incur costs totaling $13,263.90.  *See* Bibiyan Decl., ¶27.  These costs were necessary to secure the resolution of this litigation and Class Counsel put forward said costs without assurance that Class Counsel would ever be repaid.  In light of the expenses Class Counsel were required to incur to bring this case to its current settlement posture, the request for costs are also reasonable.  The majority of these costs consist of mediation fees paid to Gig Kyriacou. The remainder of costs consisted of filing and service fees, courier fees, travel expense, and other related expenditures that furthered the goals of this litigation and advanced the rights of Class members.  Class Counsel may incur additional costs as this case moves to the final approval stage, and will file a supplemental Declaration if that is the case.

## IV. Class Representative's Application for Incentive Award

The proposed Settlement contemplates that Class Counsel will request an Incentive Award in the amount of $7,500 to be distributed to the Class Representative, subject to Court approval.  Defendants have agreed not to oppose the request as long as it is not greater than $7,500.

/ / /

Plaintiff's Motion for Preliminary Approval of Class Action Settlement

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments" in a class action settlement. *Staton,* 327 F.3d at 977.  Incentive awards of $10,000 and more are regularly approved as reasonable.  *See, e.g.*, *In re Veritas Software Corp. Sec. Litig.*, 396 Fed. App'x 815, 816 (3d Cir. 2010) ($15,000 incentive award approved for each lead plaintiff); *Buccellato v. AT&T Operations, Inc.*, No. 10-cv-463-LHK, 2011 WL 4526673, at *4 (N.D. Cal. June 30, 2011) ($20,000 awarded to lead plaintiff); *Raffin v. Medicredit, Inc.*, No. 2:15-cv-4912-MWF, 2018 WL 8621204, at *7 (C.D. Cal. Nov. 30, 2018) (approving $15,000 incentive award to lead plaintiff); *Martinez v. Knight Transportation, Inc.*, No. 1:16-cv-01730-SKO, 2023 WL 5917989, at *15 (E.D. Cal. Sept. 11, 2023) (approving $10,000 incentive award to lead plaintiff); *Todd v. STAAR Surgical Company*, No. CV 14-5263-MWF, 2017 WL 4877417, at *6 (C.D. Cal. Oct. 24, 2017) (approving $10,000 incentive award to lead plaintiff).

Plaintiff played an important role in this litigation by bringing it on behalf of the Class and providing Class Counsel with the necessary documents and information to successfully push it to this stage on behalf of absent Class members.  This included assisting with the complaint, the investigation, participating in discovery, and in mediation and settlement, as well as reviewing and approving the settlement on behalf of the Class.  Plaintiff acted dutifully in his role as a class representative, and should be awarded this reasonable sum of $7,500 for his part in the litigation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Plaintiff's Motion for Preliminary Approval of Class Action Settlement

## V. Conclusion

For the foregoing reasons, Class Counsel respectfully request that the Court grant Plaintiff's motion for an award of attorneys' fees and costs in the total amount of $120,000; and a Class Representative Incentive Award of $7,500.

Dated: October 31, 2025                    Bibiyan Law Group, P.C.

*Brandon M. Chang*
BRANDON M. CHANG
Attorneys for Plaintiff, MICHAEL ALLEN
GARCIA, on behalf of himself and all others
similarly situated

Plaintiff's Motion for Preliminary Approval of Class Action Settlement